

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 9, 1974

The Honorable Margaret L. Rowland, R. N.          Opinion No. H- 395
Executive Secretary
Board of Nurse Examiners for the State            Re: Circumstances under
  of Texas                                         which person not licensed
55 North Interregional, Suite 101                 as nurse may perform
Austin, Texas 78702                               professional nursing acts.

Dear Mrs. Rowland:

        You have asked three (3) questions having to do with the performance
of nursing acts by persons not licensed under the Texas statutes regulating
the practice of professional nursing, Article 4513, V. T. C. S., et seq.
You first ask:

> Does the definition of professional nursing in
> Section 5 of 4518 [V. T. C. S.], taken in conjunction
> with the requirement of registration in Section 4
> of 4518 [V. T. C. S.], permit one employed by a
> Texas hospital to practice professional nursing in
> Texas hospitals or elsewhere whether or not they
> are licensed by the Texas State Board of Nurse
> Examiners?

The definition of professional nursing to which you refer reads:

> 'Professional Nursing' shall be defined for the purposes
> of this Act as the performance for compensation of any
> nursing act (a) in the observation, care and counsel of
> the ill, injured or infirm; (b) in the maintenance of
> health or prevention of illness of others; (c) in the
> administration of medications or treatments as

> prescribed by a licensed physician or dentist;
> (d) in the supervision or teaching of nursing,
> <u>insofar as any of the above acts require substantial</u>
> <u>specialized judgment and skill and insofar as the</u>
> <u>proper performance of any of the above acts is</u>
> <u>based upon knowledge and application of the principles</u>
> <u>of biological, physical and social science as acquired</u>
> <u>by a-complete course in an approved school of pro-</u>
> <u>fessional nursing.</u>   The foregoing shall not be deemed
> to include acts of medical diagnosis or prescription of
> therapeutic or corrective measures.   (Emphasis added)

Obviously, this definition does not encompass all nursing acts. Some nursing acts do not require the same high degree of knowledge and skill and, therefore, are not regulated by the "professional" nursing provisions defined above.

The requirement of registration to which you refer was imposed by Acts 1969, p. 1571, ch. 476, and is codified as Article 4518 §4, V. T. C. S. It reads:

> Any person practicing or offering to practice
> <u>professional</u> nursing in this state for compensation,
> shall hereafter be required to submit evidence to the
> Board of Nurse Examiners that he or she is qualified
> to practice and shall be registered as provided by law.
> (Emphasis added)

That same Act of the Legislature amended Article 4528, V. T. C. S., which now reads:

> This law shall not be construed to apply to: the
> gratuitous nursing of the sick by friends; the
> furnishing of nursing care where treatment is
> by prayer or spiritual means alone; <u>acts done</u>
> <u>under the control or supervision or at the instruc-</u>
> <u>tion of one licensed by the Texas State Board of</u>

> Medical Examiners; Licensed Vocational Nurses;
> the practice of registered tuberculosis nurses
> certified under Article 4528b, Vernon's Texas
> Civil Statutes; nor to acts done by persons licensed
> by any board or agency of the State of Texas if
> such acts are authorized by such licensing statutes.
> (Emphasis added)

Under the clear language of these statutes, we think the mere fact that one is employed by a Texas hospital is insufficient by itself to exempt anyone from the regulatory requirements applicable to professional nursing, and we answer your first question in the negative.

Your second and third questions ask:

> (2) With reference to Article 4528 [V. T. C. S.] in a
> Texas hospital, can one employed by a Texas hospital
> not licensed to practice professional nursing in Texas
> do nursing acts 'under the control or supervision of
> one licensed to practice medicine in Texas' if a physician
> is not actually present and directly controlling or super-
> vising said unlicensed person?
>
> (3) With reference to Article 4528 [V. T. C. S.], in a Texas
> hospital, can one employed by a Texas hospital not licensed
> to practice professional nursing in Texas do nursing acts
> wherein the person licensed to practice medicine in Texas
> is not present and directly instructing such unlicensed
> person?

These two questions, in our opinion, are likewise answered by the clear unambiguous language of the statutes, and especially the emphasized words of Article 4528, supra.

Whether the acts are performed in a hospital or elsewhere, or by a hospital employee or someone else, does not appear to be the controlling

factor under the language of Article 4528; the controlling factors appear to us to be whether the acts are done under the control or supervision of one licensed by the Board of Medical Examiners or that they be done at the instruction of a licensee.

In Attorney General Opinion H-368 we construed a similar statute applicable to the practice of physical therapy and exempting from licensing "employees performing services under the direct supervision of a physician in a hospital . . . ." We said that, in our opinion, the provision did not require the constant physical presence of the physician and that it would be satisfied if "the responsible physician personally trains and instructs the hospital employee in the process to be employed and remains reasonably available to inspect, correct, and direct the work of the employee . . . ."

So, too, we believe that Article 4528, V. T. C. S., does not require the constant physical presence of a physician to authorize the performance of professional nursing acts by one not otherwise licensed to perform them, so long as the responsible physician personally assumes control and supervision of the employee or instructs him in what is to be done, and remains reasonably available to see that the nursing acts are properly performed.

### SUMMARY

Hospital employment alone does not exempt one from statutory regulations concerning professional nursing. If a physician has assumed and exercises control or supervision of an unlicensed person performing professional nursing duties or has personally instructed that person in the acts to be done, that person is not precluded by the statutes governing professional nursing from performing such professional nursing acts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg